JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Mandernach,<br><br>    Plaintiff,<br><br>vs.<br><br>Bayer Corporation et. al.,<br><br>    Defendants. | CASE NO. 5:09-cv-02306-JHN-OPx<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DISMISSING AS MOOT DEFENDANTS' MOTION TO STAY CASE |

On February 8, 2010, the Court held a hearing on Plaintiff Stephanie Mandernach's ("Plaintiff") Motion to Remand Case to San Bernardino County Superior Court (docket no. 9), and Defendant Bayer Corporation, Bayer Healthcare LLC, and Defendant Bayer Healthcare Pharmaceuticals Inc.'s ("Bayer Defendants") Motion to Stay Pending Transfer By The Judicial Panel on Multi district Litigation ("Motion to Stay," docket no. 13).  The Court has read and considered the moving, opposing, and reply documents submitted in connection with these motions.  For the reasons set forth below, Plaintiff's Motion to Remand Case is GRANTED and Bayer Defendants' Motion to Stay is DISMISSED as MOOT.  This matter is hereby REMANDED to the San Bernardino County Superior Court.

# I. FACTS AND LEGAL PROCEEDINGS

On or about November 27, 2007, Plaintiff suffered a stroke resulting in permanent physical deficits and sequelea. (Compl.,¶ 30). During this time period, Plaintiff was using an oral contraceptive known as Yaz or Yasmin ("Yaz"). (Compl.,¶¶ 5, 6). Plaintiff filed suit in San Bernardino County Superior Court on November 19, 2009, against Bayer Corporation, Bayer Pharmaceuticals Corporation, Bayer HealthCare LLC, Berlex Laboratories, Bayer Schering Pharma AG, Bayer AG, Bayer HealthCare Pharmaceuticals Inc., Berlex, Inc. and Berlex Laboratories, Inc. and McKesson. Plaintiff alleged that "Defendants designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold" Yaz and that their failure to warn about risks associated with the product were the proximate cause of her injury. (Compl.,¶¶ 6, 31, 32). Plaintiff's complaint contained the following California state law causes of action: Strict Liability -Failure to Warn; Strict Liability - Manufacturing Defect; Negligence; Breach of Implied Warranty; Breach of Express Warranty; Deceit by Concealment– California Civil Code §§ 1709, 1710; Negligent Misrepresentation; Violation of California Business & Professions Code § 17200; Violation of California Business & Professions Code § 17500; and Violation of California Civil Code §§ 1750 et. seq.

Bayer Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441 on December 21, 2009 on the grounds that "[c]omplete diversity exists, no properly joined Defendant is a citizen of the State of California" because "McKesson Corporation is fraudulently joined and therefore is not required to join in the removal." (Docket no. 1, ¶ 2, 6). Plaintiff timely filed a Motion to Remand on December 23, 2009. (Docket no. 9). While this motion was pending, Bayer Defendants filed a Motion to Stay. (Docket no. 13). Plaintiff filed an opposition to this motion on January 11, 2009. (Docket no. 17). Bayer Defendants filed an opposition to the Motion to Remand and request for

1 oral argument on January 14, 2010. (Docket no. 21).

## II. DISCUSSION

A. The Motion to Remand

1. Legal Standard

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Federal courts "strictly construe a removal statute against removal jurisdiction." *Oregon Bureau of Labor and Industries ex rel. Richardson v. U.S. West Communications, Inc*, 288 F.3d 414, 417 (9th Cir. 2002). Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

2. Fraudulent Joinder

Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris*, 236 F.3d at 1067. "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Computer Systems, Inc. v. AT & T Corp*., 298 F.3d 756, 762 (9th Cir.2002) (quoting *Morris*, 236 F.3d at 1067).

Bayer Defendants contend that Defendant McKesson Corporation – a

3

1  Delaware corporation with its principal place of business at One Post Street, San
2  Francisco, California – is fraudulently joined for three independent reasons: (1)
3  Plaintiff fails to allege that McKesson supplied the medication that she
4  specifically ingested, an element essential to establishing that McKesson
5  proximately caused Plaintiff's alleged injuries; (2) there is no reasonable basis for
6  a claim against a distributor of FDA-approved medication where the distributor
7  did not manufacture or design the product; and (3) the allegations against
8  McKesson are lumped together with those against the alleged pharmaceutical
9  manufacturer and include numerous allegations that do not apply to McKesson.
10  (Notice of Removal, ¶ 26).

*Alleged Deficiencies in Plaintiff's Complaint*

12  Bayer Defendants acknowledge that many courts have held that McKesson
13  was not fraudulently joined in other products liability actions. *See*, *e.g.*, *Maher v.*
14  *Novartis Pharms.*, No. 07CV852 WQH (JMA), 2007 WL 2330713 (S.D. Cal.
15  Aug. 13, 2007); *Martin v. Merck & Company, Inc.*, No. S-05-750 LKK/PAN,
16  2005 WL 1984483 (E.D. Cal. Aug. 15, 2005); *Aaron v. Merck & Co., Inc.*, No.
17  CV 05-4073 JFWMANx, 2005 WL 5792361 (C.D. Cal. July 26, 2005); *Black v.*
18  *Merck & Co., Inc.*, No. CV 03-8730 NMAJWx, 2004 WL 5392660 (C.D. Cal.
19  March 3, 2004); *In re Fosamax Prods. Liab. Litig.*, No. 1:06-MD-1789 (JFK),
20  2008 WL 2940560 (S.D.N.Y. July 29, 2008). Bayer Defendants attempt to
21  distinguish this matter from the cases cited because of the generality of Plaintiff's
22  complaint. Bayer Defendants quote Plaintiff's allegation that "***Defendants***
23  designed, developed, manufactured, promoted, marketed distributed, tested,
24  warranted and sold" the medication. (Emphasis added by Bayer Defendants.)
25  Whereas in *Maher*, for example, "Plaintiff allege[d] that Defendants Novartis and
26  Mckesson, or their representatives, 'manufactured, marketed, distributed and
27  sold" Tegretol to Plaintiff." *Maher*, 2007 WL 2330713, at *1. While perhaps
28  Plaintiff could have aimed for more precision in their pleadings, McKesson was

4

1 nevertheless listed as one of the "Defendants."(Compl. ¶ 25).  The Complaint
2 explained that McKesson's liability "is so intertwined with the liability of the
3 other Defendants . . . that no claims arising out of use of the [Yaz] can be severed
4 or removed." (Compl., ¶ 86.)  Furthermore, Plaintiff alleged that McKesson "[a]t
5 all times relevant . . . was engaged in the business of researching, designing,
6 developing, licensing, compounding, testing, producing, manufacturing,
7 assembling, processing, packaging, inspecting, labeling, selling and/or warranting
8 [Yaz] in the State of California." (Compl.¶ 23.)  "Doubt arising from inartful,
9 ambiguous, or technically defective pleadings should be resolved in favor of
10 remand." *Charlin v. Allstate Ins. Co.*, 19 F.Supp.2d 1137, 1140 (C.D. Cal. 1998).
11 The Court resolves this pleading ambiguity in favor of Plaintiff because the
12 complaint draws a sufficient connection between McKesson's role as distributor
13 and Plaintiff's injury.

*Supplier Liability*

15 Bayer Defendants contend that "there is no reasonable basis for a claim
16 against a supplier of FDA-approved medication where the supplier did not
17 manufacture or design the product" and that "[t]his conclusion is consistent with
18 the well-established rule in California, and around the country, that pharmacists
19 are not liable for dispensing FDA-approved prescription medications." (Notice of
20 Removal ¶ 28).  Bayer Defendants rely on the following holding in *Murphy v.
21 E.R. Squibb & Sons, Inc*., 40 Cal. 3d 672, 680-81, 221 Cal. Rptr. 447 (1985): "If
22 pharmacies were held strictly liable for the drugs they dispense, some of them, to
23 avoid liability, might restrict availability by refusing to dispense  drugs which
24 pose even a potentially remote risk of harm, although such medications may be
25 essential to the health or even the survival of patients."  However, this argument
26 fails because *Murphy* addresses pharmacies and pharmacists, not commercial
27 distributors like McKesson.  Bayer Defendants also ignore the California products
28 liability doctrine that "imposes strict liability in tort on *all of the participants* in

the chain of distribution of a defective product." *Bostick v. Flex Equip. Co., Inc.*, 147 Cal. App. 4th 80, 88, 54 Cal. Rptr. 3d 28 (2007) (emphasis added); *see also, Black* 2004 WL 5392660, at *4 (rejecting removal argument that "[p]laintiffs cite no case holding a pharmaceutical supplier like McKesson liable for distributing an FDA-approved medication").

In addition to Bayer Defendants' failure to establish fraudulent removal, their Notice of Removal does not sufficiently prove the requisite amount in controversy.

### 3. Amount in Controversy

Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), requires that the amount in controversy exceed $75,000. The amount of damages Plaintiff seeks is unclear from the complaint and defendants bear the burden of "proving the *facts* to support jurisdiction, including the jurisdictional amount. . . . by a preponderance of evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis added and removed). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient. *Id.* at 567. Neither does an allegation based on information and belief constitute proof by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). Bayer Defendants' Notice of Removal does not prove facts to support the amount in controversy, but rather makes a conclusory statement that the severity of Plaintiff's injuries and the request for punitive damages constitute a "good faith" basis for the amount in controversy. (Notice of Removal, ¶ 20). Bayer Defendants have presented no evidence or facts either as to the amount of damages sought or likely to be awarded.

1       For the foregoing reasons, this action is REMANDED to the San Bernardino County Superior Court. *See*, 28 U.S.C. § 1447(c).

B.      The Motion to Stay

Because this case is not subject to federal jurisdiction, Bayer Defendants' Motion to Stay Proceedings is DISMISSED as MOOT.

IT IS SO ORDERED.

Dated: February 8, 2010

_____
Jacqueline H. Nguyen, Judge
United States District Court

7